**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **RICHARDO SHANE GONZALEZ** | **)** | |
| | **)** | |
| **v.** | **)** | **3-05-CV-1436-M** |
| | **)** | |
| **DOUGLAS DRETKE, Director,** | **)** | |
| **Texas Department of Criminal Justice** | **)** | |
| **Correctional Institutions Division** | **)** | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

**FINDINGS AND CONCLUSIONS**:

**Type Case**: This is a petition for habeas corpus relief filed by a State inmate pursuant to 28 U.S.C. § 2254.

**Parties**: Petitioner is confined as an inmate in the Texas Department of Criminal Justice, Correctional Institutions Division (TDCJ-CID) pursuant to a conviction for the offense of murder.

Respondent is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

**Statement of the Case**: Upon his plea of not guilty to the offense of murder as charged in the indictment returned in No. F-0037606-PK, Petitioner was tried by a jury which returned a verdict of guilty and thereafter assessed punishment at a term of 55 years in the state penitentiary.

Gonzalez effected a direct appeal and on May 28, 2002, his conviction was affirmed in an opinion delivered by the Court of Appeals, Fifth District of Texas at Dallas (Fifth Court of Appeals). His petition for discretionary review was refused by the Texas Court of Criminal Appeals on

November 20, 2002.

Thereafter Gonzalez filed an application for habeas corpus relief pursuant to art. 11.07, Texas Code of Criminal Procedure, on November 25, 2003. On March 26, 2004, the trial court held an evidentiary hearing at which Virginia Denise Rios testified.[1] The trial court in turn filed its findings of fact and conclusions of law recommending that the application be denied. See No. WR-58,759-01 at 90-92. On August 25, 2004, the Texas Court of Criminal Appeals issued its order remanding the application to the trial court for an evidentiary hearing or for affidavits on Gonzalez's claim of actual innocence and on his ineffective assistance of trial counsel claim. On December 9, 2004, the trial court conducted a further hearing at which Petitioner's counsel and the State's attorney presented additional argument. Previously the trial court had obtained an affidavit from the trial attorney, Daniel C. Perez, executed on October 26, 2004.

On January 19, 2004, the trial court adopted the State's Proposed Findings of Fact and Conclusions of Law and recommended that the application be denied. On April 27, 2005, the Court of Criminal Appeals issued its order adopting the majority, but not all of the trial court's recommended findings and conclusions and denied relief.

Gonzalez filed his § 2254 petition in this court on July 20, 2005. Respondent filed his answer on October 26, 2005, and has provided to the court copies of Petitioner's prior state proceedings.

---

[1]The Statement of Facts from the hearing erroneously states that the hearing took place on March 26, 2002. However, the court reporter's certification appearing on the final page of the transcript is dated April 15, 2004. Further, other pleadings in the art. 11.07 application state that the hearing was held on March 26, 2004. Further, it is self evident that the hearing in the art. 11.07 application could not have been held more than two months before the Fifth Court of Appeals affirmed his conviction.

**Findings and Conclusions**: Petitioner asserts four grounds on which he claims to be entitled to relief pursuant to 28 U.S.C. § 2254. In addressing his claims the court is required to apply the provisions of the Antiterrorism and Effective Death Penalty Act (AEDPA). In pertinent part the AEDPA precludes the granting of habeas corpus relief unless the decision of the Court of Criminal Appeals resulted in a decision that was contrary to, or involved an unreasonable application of clearly established federal law, as determined by the Supreme Court of the United States or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding. See § 2254(d)(1) and (2).

In his first ground for relief Gonzalez claims that newly discovered evidence establishes that he is actually innocent of the offense of murder. He relies on testimony which Virginia Denise Rios could have given in support of an alibi defense. In point of fact Rios's evidence was not "newly discovered," but she was unavailable to testify at Petitioner's trial because she asserted her right against self-incrimination, discussed infra.

The evidence presented at trial is thoroughly summarized in the Fifth Court of Appeals' opinion and is reiterated in Petitioner's memorandum brief. He argues that had Ms. Rios been called as a witness her testimony would have supported an alibi defense that he was not involved in the decedent's murder. Gonzalez concedes that the United States Supreme Court has not held that a claim of innocence constitutes a cognizable basis for federal habeas corpus relief. To the contrary in Herrera v. Collins, 506 U.S. 390, 416, 113 S.Ct. 858 (1993), the Court held that such a claim does not state an independent, substantive constitutional claim and therefore does not state a basis for federal habeas relief. Since the Supreme Court has directly addressed this issue and determined that Petitioner's first ground for relief fails to present a basis for relief, he is not entitled to relief.

Moreover, this court is bound by the precedential case law of the Fifth Circuit, which has repeatedly rejected such claims in light of the Supreme Court's decision in Herrera. See e,g, Graves v. Cockrell, 351 F.3d 143, 151 (collecting cases), amended on rehearing 351 F.3d 156 (5th Cir. 2003), cert. denied ___ U.S. ___, 124 S.Ct. 2160 (2004).[2]

In his second ground Gonzalez accuses the State of indicting Ms. Rios improperly which violated his right to due process. Essentially he alleges prosecutorial misconduct in seeking an indictment against her for the murder of Jose Martinez to intimidate her into asserting her right against self-incrimination and thereby making herself unavailable to testify in his behalf. In response to this ground Dretke asserts that consideration of this claim is procedurally barred.

The state record reflects that this issue was raised in Gonzalez's direct appeal. See Appellant's Brief filed on February 1, 2002, in No. 05-10-01410-CR, Point of Error Number Four. In addressing this issue the Fifth Court of Appeals found that his alleged error had not been preserved for appellate relief. See Opinion issued on May 28, 2002, at pages 5-7. This claim was again raised in his art. 11.07 application. Although the trial court's proposed findings and conclusions addressed this claim, See Application No. 58,759-01, Finding and Conclusions at 43-46, Due Process/Compulsory Process, ¶¶ 22-26, the Court of Criminal Appeals did not accept these findings in its order denying relief. See Order delivered on April 27, 2005, at page 2.

Federal review of a habeas claim is procedurally barred if the last state court to consider the claim expressly and unambiguously based its denial on relief on a state procedural default. Harris v. Reed, 489 U.S. 255, 265 (1989). As noted above, the Fifth Court of Appeals expressly found that

---

[2]The magistrate judge is aware that Texas state law recognizes a claim of actual innocence as a cognizable basis for relief pursuant to art. 11.07. See Ex Parte Elizondo, 947 S.W.2d 202, 204 (Tex.Crim.App. 1996).

this ground had not been preserved for review.[3] In circumstances under which a claim is not expressly addressed in a proceeding seeking collateral review from a conviction, a federal court "looks through" state courts' unexplained denials of relief to the last state court opinion which unequivocally rested upon a state procedural default in determining whether the state court system relied on an independent procedural bar to relief. Ylst v. Nunnemaker, 501 U.S. 797, 805-806 (1991). Unless a petitioner carries his burden of adducing strong evidence that subsequent decisions were on the merits, a federal court is procedurally barred from merits consideration. Id. See also Steward v. Cain, 259 F.3d 374, 377-78 (5th Cir. 2001). Gonzalez has not rebutted the presumption that the Texas court system found that this claim was procedurally barred and therefore it should be dismissed.[4]

Alternatively, if this ground is reviewed on the merits, Petitioner has not established that any federal constitutional right has been abridged.

Based upon the record before the court it appears that the issue of whether Gonzalez intended to call Ms. Rios as a witness was first raised when he moved for a continuance of his trial. See Reporter's Record, Vol. 3 at 6, et seq. His counsel represented that she could testify to Petitioner's whereaboutsduring the period prior to the homicide. Gonzalez's attorney stated that Ms. Rios's attorney told him that the charges against Rios would be dismissed. Id. at 11. The prosecutor denied that such a representation had been made to Ms. Rios's counsel. Id. at 12.

The State proceeded to call the lead investigator in the Jose Martinez homicide. Id. at 13, et seq. At the conclusion of the investigator's testimony, the trial court opined that he did not

---

[3]This claim was not urged in Gonzalez's petition for discretionary review.

[4]As noted above, the Court of Criminal Appeals refused to adopt findings on this claim.

believe that probable cause existed for the charges brought in the grand jury's indictment against Ms. Rios. Id. at 24. The court then suggested that the case against Ms. Rios should be tried first. Id. at 25, and gave the prosecutor 15 minutes to consider. Id. at 27. The court then commenced with voir dire of the jury venire which appears in the remainder of Vol. 3 and continues through to Vol. 4 at 31.

The issue concerning Ms. Rios was again briefly addressed prior to the beginning of trial. Vol. 4 at 40. On the following morning Ms. Rios was presented and was informed that the indictment brought against her had been dismissed and she was sworn as a witness. Id. 43-44, See also No. WR-58,759-01 at 49 (Exhibit F). The issue was ultimately addressed after the prosecution had rested in its case-in-chief. Reporter's Vol. 6 at 174. Her attorney was present and the court reiterated the fact that the indictment against Ms. Rios had been dismissed and the judge's opinion that he believed the case against her was very weak. Her attorney confirmed that he had advised Gonzalez's attorney that Ms. Rios would assert her Fifth Amendment privilege if called as a witness. Petitioner asked that the record reflect that Ms. Rios was not available as a witness for the defense. Although she was not called as a witness for the purpose of having her formally invoke her Fifth Amendment privilege, all present agreed that she could be prosecuted for having provided false information to a law enforcement officer.[5]

The record is devoid of any evidence to establish that at the time the district attorney's office sought an indictment against Ms. Rios that it was known that she was willing to testify on

[5]Although not articulated on the record, the trial court and Petitioner's and Ms. Rios's counsel well knew that there is no limitations period for the offense of murder in the State of Texas, a fact of which this court may take judicial notice. Also, her counsel may have been aware of other factors which warranted invocation of the privilege, which would have been subject to the attorney-client privilege.

Petitioner's behalf or that the State knew that he intended to call her as a witness at his murder trial Succinctly stated there is nothing to show that the prosecution's conduct in seeking the indictment against Rios was taken in bad faith to render her unavailable as a witness to Petitioner at his criminal trial.

In his third ground Gonzalez alleges that his right to compulsory process was denied when Virginia Rios exercised her right not to testify pursuant to her Fifth Amendment privilege. It is well settled that a witness's valid assertion of a right against self incrimination justifies a refusal to testify despite a defendant's right to compulsory process under the Sixth Amendment. Kastigar v. United States, 406 U.S. 441, 444 (1972); Brown v. Cain, 104 F.3d 744, 749 (5th Cir.) cert. denied 520 U.S. 1195 (1997). As set out above, it is abundantly clear that Ms. Rios's assertion of her privilege against self incrimination was valid. To the extent Gonzalez reiterates a claim that he was the victim of prosecutorial misconduct, it fails to present a basis for relief for the reasons set out above.

In his fourth and final ground for relief he claims that his trial attorney rendered ineffective assistance of counsel in failing to obtain a ruling from the trial court that Ms. Rios did not have a valid Fifth Amendment privilege and ordering her to testify. While it is clear that court must have sufficient evidence to determine that the invocation of a Fifth Amendment privilege assertion is valid before permitting a witness to invoke the same, the record in the instant case clearly shows that at minimum Ms. Rios could have been prosecuted for the false statements which she gave to law enforcement when previously interviewed and for which she could have received terms of incarceration. See §§ 37.02, 37.06 and 37.08, Texas Penal Code. Moreover, since the murder indictment against her was dismissed, jeopardy did not attach, nor did the trial court's opinion that there was an absence of probable cause for her indictment in any way foreclose a subsequent

prosecution for murder. See also n. 5, supra. It is clear that counsel cannot be found ineffective, in the face of uncontroverted evidence establishing the validity of Ms. Rios's Fifth Amendment privilege claim, in choosing not to pursue a futile effort to compel her testimony.

**RECOMMENDATION**:

For the foregoing reasons it is recommended that the petition be denied.

A copy of this recommendation shall be transmitted to counsel for the parties.

SIGNED this 29th day of March, 2006.

Wm. F. Sanderson, Jr.

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

**NOTICE**

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to Douglass v. United Servs. Auto Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a de novo determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.