IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **RICARDO SHANE GONZALEZ,** | ) | |
| Petitioner, | ) | |
| vs. | ) | No. 3:05-CV-1436-M |
| | ) | ECF |
| **NATHANIEL QUARTERMAN, Director,** | ) | |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| Respondent. | ) | |

### ORDER ACCEPTING AND SUPPLEMENTING FINDINGS AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

United States Magistrate Judge Wm. F. Sanderson, Jr., made findings, conclusions and a recommendation in this case. Plaintiff filed objections, and the District Court has made a *de novo* review of those portions of the proposed findings and recommendation to which objection was made.

With respect to whether a claim of actual innocence constitutes a cognizable basis for federal habeas relief, Gonzalez's claim would fail even if it were cognizable. "Actual innocence means 'factual innocence and not mere legal insufficiency.'" *United States v. Jones*, 172 F.3d 381, 384 (5th Cir. 1999) (quoting *Bousley v. United States*, 523 U.S. 614, 623 (1998)). "To establish actual innocence, [the] petitioner must demonstrate that, 'in light of all the evidence,' 'it is more likely than not that no reasonable juror would have convicted him.'" *Bousley*, 523 U.S. at 623 (quoting *Schlup v. Delo*, 513 U.S. 298, 327–28 (1995)).

> [A] substantial claim that constitutional error has caused the conviction of an innocent person is extremely rare. To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence–whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence–that was not presented at trial.

*Schlup*, 513 U.S. at 324 (internal citation omitted). Of course, for a free-standing claim of innocence due to newly-discovered or available evidence, the burden may be greater. A petitioner might be

required to show that in light of all the evidence, no rational juror could find the petitioner guilty. *Herrera v. Collins*, 506 U.S. 390, 429 (1993) (White, J., concurring).

The evidence that Gonzalez relies on to support his actual innocence claim, an affidavit from Virginia Denise Rios ("Rios"), is not of the type described in *Schlup*. Furthermore, the state writ case was remanded for an evidentiary hearing, at which Rios testified, and the state district court found that Rios's alibi testimony was unsubstantiated, and had not been corroborated by an unbiased source; that Rios was not a credible witness; that a jury could easily discount Rios's testimony as she had a motive to lie; that Rios's alibi testimony did not constitute proof of actual innocence; that Rios's testimony was not exonerating, and did not undermine the State's evidence of guilt; that Rios's alibi testimony was not of such a nature that no reasonable juror, having the benefit of such testimony, would have convicted Gonzalez; and that Gonzalez failed to prove his actual innocence. SHR[1] Supp. 44-45. The Court of Criminal Appeals adopted those findings in denying relief. SHR (order of April 27, 2005).

The state court's credibility determinations are entitled to a presumption of correctness under 28 U.S.C. § 2254(e)(1). *See Self v. Collins*, 973 F.2d 1198, 1214 (5th Cir. 1992). Gonzalez did not overcome that presumption by clear and convincing evidence.

Gonzalez argues that Rios's testimony was corroborated. However, Beth Thorpe merely testified that Rios and Gonzalez arrived at the apartment some time shortly after the murder, which occurred just a few minutes drive from the apartment. Jason Holloway's statement was that he last saw Rios and Gonzalez at the apartment until he left a few minutes past 9:00 or 9:30 p.m. The crux

---

[1] "SHR" refers to the state habeas record in *Ex parte Gonzalez*, No. 58,759-01, followed by the page number.

of Rios's testimony, on which Gonzalez relies as providing an alibi, was not corroborated. The state court was entitled to conclude that Jason Holloway's statement was not unbiased, since he was petitioner's best friend, and his statement was not subject to cross examination. In any case, that Rios and Gonzalez were at the apartment some time before and shortly after the shooting, is not clear and convincing evidence that Rios was credible in stating what happened between those times.

The objections are overruled, and the Court accepts, as herein supplemented, the Findings, Conclusions and Recommendation of the United States Magistrate Judge.

**SO ORDERED.**

**DATED:** November 3, 2006

**BARBARA M. G. LYNN**
**UNITED STATES DISTRICT JUDGE**
**NORTHERN DISTRICT OF TEXAS**